1  Erica H. Gruver (SBN 285329)
   Thomas J. Moran (SBN 278940)
2  FEDERAL EXPRESS CORPORATION
   2601 Main Street, Suite 340
3  Irvine, CA 92614
   Telephone: 949.862.4585
4  Facsimile: 901.492.5641
   erica.gruver@fedex.com
5  thomas.moran@fedex.com

6  Attorney for Defendant
   FEDERAL EXPRESS CORPORATION

7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE DEAN BLOOM, an individual, JOSE LOPEZ, an individual, TIMOTHY CAMEY BERNARDIN, an individual, ALBERT GARCIA, an individual, DECHELLE WEBB, an individual, MANUEL E. HERNANDEZ, an individual, BRYANT HARRIS, an individual, ANITA JOHNSON, an individual, CHRISTINA ELIZABETH WALKER, an individual, EDDIE JACKSON, an individual, KENNETH A. GEISS, an individual, TRISTAN JONES, an individual, RYAN ALEXANDER OJEIL, an individual, each on their own behalf and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION, a Delaware corporation; and DOES 1-25, inclusive,<br><br>Defendants. | Case No.:<br><br>(Alameda County Superior Court Case No. HG21096557)<br><br>**DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(d), 1441(a) & 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Complaint Filed:   April 13, 2021<br>Trial Date:        None |

TO PLAINTIFFS, THEIR ATTORNEYS, AND THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT Defendant Federal Express Corporation (hereinafter "Defendant" or "FedEx"), contemporaneously with the filing of this Notice, hereby effects the

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1495133

1

NOTICE OF REMOVAL OF CIVIL ACTION

removal of the below-referenced action from the Superior Court in the State of California for the County of Alameda to the United States District Court for the Northern District of California. The removal is based on 28 U.S.C. Sections 1332(d), 1441(a), and 1446.

In support of its Notice of Removal of Civil Action, Defendant states and alleges as follows:

## PLEADINGS, PROCESS AND ORDERS

1. On or about April 13, 2021, Plaintiffs Kyle Dean Bloom, Jose Lopez, Timothy Camey Bernardin, Albert Garcia, Dechelle Webb, Manuel E. Hernandez, Bryant Harris, Anita Johnson, Christina Elizabeth Walker, Eddie Jackson, Kenneth A. Geiss, Tristan Jones, and Ryan Alexander Ojeil (collectively "Plaintiffs"), individually and on behalf of all other similarly situated current and former employees, filed a class action complaint in the Superior Court of California for the County of Alameda entitled *"Kyle Dean Bloom, as an individual and on behalf of all others similarly situated, v. FEDERAL EXPRESS CORPORATION AND DOES 1 through 25, inclusive,"* case number HG21096557 (hereinafter, the "Complaint"). Plaintiffs are current and/or former non-exempt ramp agents, ramp transport drivers, couriers, material handlers and drivers of Defendant. (Exhibit A, Complaint, ¶¶ 9-21.)

2. Under 28 U.S.C. Section 1332(a), this Court has diversity jurisdiction over the claims against FedEx.

3. Under 28 U.S.C. Section 1332(d)(2), this Court has jurisdiction under the Class Action Fairness Act ("CAFA").

4. The Complaint was sent to FedEx via Notice and Acknowledgment of Receipt under California Code of Civil Procedure Section 415.30 on May 5, 2021, along with copies of the Summons, Civil Case Cover Sheet, and ADR Information Packet. (Declaration of Erica H. Gruver ["Gruver Decl."], ¶ 3.) On May 11, 2021, Plaintiffs served a Notice of June 8, 2021 Complex Determination Hearing and June 29, 2021 Case Management Conference. (*Id*.) True and correct copies of the Summons, Civil Case Cover Sheet, ADR Information Packet, and Notice of Hearings are attached hereto as Exhibit "B." Pursuant to California Code of Civil Procedure Section 415.30, service of the Summons was deemed complete on May 25, 2021. This is the date counsel for Defendant signed the Notice of Acknowledgment of Receipt-Civil, a true and correct copy of which

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1495133

2

NOTICE OF REMOVAL OF CIVIL ACTION

is attached hereto as Exhibit "C." (*Id*. at ¶ 4.)

5.   On June 22, 2021, FedEx timely filed its Answer to the Complaint in the Superior Court of the State of California for the County of Alameda. (*Id*. at ¶ 5.) A true and correct copy of the Answer is attached hereto as Exhibit "D." On June 22, 2021, Plaintiffs emailed FedEx a copy of Plaintiffs' Case Management Statement, a true and correct copy of which is attached hereto as Exhibit "E." (*Id*.)

6.   Pursuant to 28 U.S.C. Section 1446(a), a copy of all process, pleadings, and orders filed in the state court action, to Defendant's knowledge, are attached hereto as Exhibits A, B, D, and E. Exhibits A, B, and E contain all of the process, pleadings, and orders served upon Defendant in this action. (*Id*. at ¶ 7.)

7.   The Complaint asserts the following causes of action:  (1) Failure to pay reporting time pay in violation of IWC No. 9, Section 5; (2) Failure to pay all wages due in violation of Labor Code § 204; (3) Failure to provide rest periods in violation of Labor Code § 226 and IWC No. 9; (4) Failure to provide meal periods in violation of Labor Code §§ 226.7, 512 and IWC No. 9; (5) Failure to pay overtime earned in violation of Labor Code §§ 510, 1198 and IWC No. 9; (6) Failure to maintain records of hours worked/wages earned in violation of Labor Code § 1174; (7) Failure to provide accurate wage statements in violation of Labor Code § 226; (8) Failure to pay all wages due upon termination in violation of Labor Code § 201; (9) Failure to reimburse expenses in violation of Labor Code § 2802; (10) Unfair competition and unlawful business practices in violation of Cal. Bus. & Prof Code §17200, *et seq*.; and (11) Violation of the Private Attorney Generals Act of 2004, Labor Code § 2698, *et seq*. (*See generally*, Exhibit A, Complaint.)

**TIMELINESS OF REMOVAL**

8.   Pursuant to California Code of Civil Procedure Section 415.30(c), service of the Summons was deemed complete on May 25, 2021. In accordance with 28 U.S.C. Section 1446(b), Defendant filed this removal action within 30 days of May 25, 2021. Therefore, the removal is timely. *Madren v. Belden, Inc*., No. 12-CV- 01706-RMW, 2012 WL 2572040, at *2 (N.D. Cal. July 2, 2012), citing *Murphy Bros., Inc, v. Mitchetti Pipe Stringing, Inc*., 526 U.S. 344, 347-48, 354 (1999) ("Formal service of process, measured from the service date according to state law, is a

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1495133

3

NOTICE OF REMOVAL OF CIVIL ACTION

prerequisite for triggering the 30-day removal period because it 'assures defendants adequate time to decide whether to remove an action to federal court.'").

### JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT [LOCAL RULE 3-5]

9. On February 18, 2005, the Class Action Fairness Act of 2005 ("CAFA") was enacted. In relevant part, CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law where any member of a class of plaintiffs is a citizen of a state different from any defendant, the matter in controversy exceeds the sum or value of $5 million, and the number of proposed class members is at least 100. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B). CAFA authorizes removal of such actions in accordance with 28 U.S.C. Section 1446. While there are a few exceptions to this rule of original jurisdiction contained in 28 U.S.C. Section 1332(d)(3)-(5), none of them are applicable here. There is no anti-removal presumption in cases in which CAFA is invoked because "CAFA was enacted to facilitate federal courts' adjudication of certain class actions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 550 (2014).

10. As is shown below, this Court has original jurisdiction over this case under 28 U.S.C. Section 1332(d) of CAFA, in that this is a civil action filed as a class action, the matter in controversy exceeds the sum of $5 million exclusive of interest and costs, Plaintiffs are citizens of California, FedEx is a citizen of Delaware and Tennessee, and the number of proposed class members greatly exceeds 100.

### THE PROPOSED CLASS EXCEEDS 100 MEMBERS

11. This action is brought pursuant to California Code of Civil Procedure section 382 on behalf of a putative class of all current and former non-exempt employees of FedEx in California. (Exhibit A, Complaint, ¶ 61(1)[1].) The number of potential class members is 29,821. (Declaration of Sharon Jones ["Jones Decl."], ¶ 3.)

### THERE IS MINIMAL DIVERSITY BETWEEN THE PARTIES

12. Removal pursuant to 28 U.S.C. Section 1332(d) requires only minimal diversity. As such, FedEx need only show that any one class member is diverse from it. Complete diversity is not

---

[1] Plaintiffs' Complaint begins at paragraphs 61 to 68 and continues from paragraphs 9 to 151, therefore repeating certain paragraph numbers. To correctly identify the relevant paragraph, Defendant inserted a (1) for repeat numbered paragraphs to identify the citations is to the first paragraph of that number in the Complaint.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1495133

4

NOTICE OF REMOVAL OF CIVIL ACTION

1  required. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-1021 (9th Cir. 2001); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1202 (E.D. Cal. 2008) ("The CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $ 5,000,000, exclusive of interest and costs.").

13.   In the Complaint, Plaintiffs allege they reside in the State of California, and they worked for FedEx as non-exempt ramp agents, ramp transport drivers, couriers, material handlers and drivers during the statutory period. (Exhibit A, Complaint, ¶¶ 9-21.) FedEx is informed and believes at the time of filing the Complaint, Plaintiffs were and still are residents and citizens of the State of California.

14.   Plaintiff Kyle Dean Bloom has worked for FedEx since October 2012, and during the statutory period, he worked as a ramp agent at FedEx's facility in Sacramento, California, and is a resident of Natomas, California. (Exhibit A, Complaint, ¶ 9; Declaration of Julia Stumpf ["Stumpf Decl."], ¶ 4.) Plaintiff Dean is domiciled in the State of California. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.")

15.   Plaintiff Jose Lopez has worked for FedEx since April 1990 as a ramp area driver at its facility in Oakland, California, and is a resident of San Leandro, California. (Exhibit A, Complaint, ¶ 10; Stumpf Decl., ¶ 5.) Plaintiff Lopez is domiciled in the State of California.

16.   Plaintiff Timothy Carney Bernardin (incorrectly named as Timothy Camey Bernardin) worked for FedEx from May 2019 to April 2021 as a courier at its facility in Stockton, California, and is a resident of Lockeford, California. (Exhibit A, Complaint, ¶ 11; D Stumpf Decl., ¶ 6.) Plaintiff Bernardin is domiciled in the State of California.

17.   Plaintiff Albert Garcia has worked for FedEx since August 1996 as a courier at its facilities in Costa Mesa, California, and Temecula, California. (Exhibit A, Complaint, ¶ 12; Stumpf Decl., ¶ 7.) Plaintiff Garcia is a resident of Murrieta, California. (*Id*.) Plaintiff Garcia is domiciled in

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1495133

5

NOTICE OF REMOVAL OF CIVIL ACTION

the State of California.

18. Plaintiff Dechelle Webb has worked for FedEx since April 2016 as a material hander at its facility in Oakland, California, and is a resident of Berkeley, California. (Exhibit A, Complaint, ¶ 13; Stumpf Decl., ¶ 8.) Plaintiff Webb is domiciled in the State of California.

19. Plaintiff Manuel E. Hernandez has worked for FedEx since January 2018 as a shuttle driver at its facility in Burbank, California, and is a resident of Northridge, California. (Exhibit A, Complaint, ¶ 14; Stumpf Decl., ¶ 9.) Plaintiff Hernandez is domiciled in the State of California.

20. Plaintiff Bryant Harris has worked for FedEx during the statutory period from December 2015 to the present as a material handler at its facility in Oakland, California, and is a resident of San Lorenzo, California. (Exhibit A, Complaint, ¶ 15; Stumpf Decl., ¶ 10.) Plaintiff Harris is domiciled in the State of California.

21. Plaintiff Anita Johnson worked for FedEx from December 2013 to April 2020 as a material handler at its facility in Oakland, California, and is a resident of Oakland, California. (Exhibit A, Complaint, ¶ 16; Stumpf Decl., ¶ 11.) Plaintiff Johnson is domiciled in the State of California.

22. Plaintiff Christina Elizabeth Walker has worked for FedEx since May 2018 as a courier at its facilities in Stockton, California, and Livermore, California. (Exhibit A, Complaint, ¶ 17; Stumpf Decl., ¶ 12.) Plaintiff Walker is a resident of Stockton, California. (*Id*.) Plaintiff Walker is domiciled in the State of California.

23. Plaintiff Eddie Jackson worked for FedEx on and off from November 2003 to November 2019 as a handler and material handler at its facility in Oakland, California and, based on FedEx's personnel records is a resident of San Pablo, California. (Exhibit A, Complaint, ¶ 18; Stumpf Decl., ¶13.) Plaintiff Jackson is domiciled in the State of California.

24. Plaintiff Kenneth Geiss worked for FedEx from December 1983 to September 2020, and during the statutory period worked as a courier at its facility in Livermore, California, and is a resident of San Lorenzo, California. (Exhibit A, Complaint, ¶ 19; Stumpf Decl., ¶ 14.) Plaintiff Geiss is domiciled in the State of California.

25. Plaintiff Tristan Jones worked for FedEx from July 2019 to August 2019 as a courier

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1495133

6

NOTICE OF REMOVAL OF CIVIL ACTION

at its facility in Modesto, California, and is a resident of Turlock, California. (Exhibit A, Complaint, ¶ 20; Stumpf Decl., ¶ 15.) Plaintiff Jones is domiciled in the State of California.

26. Plaintiff Ryan Alexander Ojeil worked for FedEx from November 2019 to October 2020 as a courier at its facility in Burbank, California, and is a resident of Burbank, California. (Exhibit A, Complaint, ¶ 21; Stumpf Decl., ¶ 16.) Plaintiff Ojeil is domiciled in the State of California.

27. FedEx was incorporated in the State of Delaware on June 24, 1971. (Declaration of Shahram Eslami, ¶ 3.) Since 1973, FedEx's corporate headquarters and principal place of business has been in Memphis, Tennessee. FedEx's corporate headquarters is located at 3610 Hacks Cross Road, Memphis, TN 38125. (*Id*.) FedEx, therefore, is a citizen of the states of Delaware and Tennessee for the purposes of determining diversity of citizenship.

28. Here, minimal diversity is established because named Plaintiffs and FedEx are citizens of different states.

## THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

29. The Class Action Fairness Act, 28 U.S.C. § 1332(d), authorizes the removal of class action cases in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5 million. The ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what a defendant will actually owe. *Korn*, 536 F.Supp.2d at 1205.

30. While FedEx denies the validity and merit of all of Plaintiffs' claims, given the legal theories upon which they are based, and the claims for monetary and other relief that flow from them (assuming them to be accurate for purposes of this removal only), it is readily apparent that the amount in controversy in this action exceeds the jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

31. In situations in which plaintiffs seeking class certification have alleged a "uniform policy" or a "systematic scheme" by defendants to deprive plaintiffs of their rights to overtime or to meal or rest breaks, California courts have upheld an estimate of one violation per week per plaintiff as a "sensible reading of the alleged amount in controversy." *Jasso v. Money Mart Express, Inc.*, Civil Action No. 11-CV-5500 YGR, 2012 U.S. Dist. Lexis 27215, *17 (N.D. Calif. March 1, 2012).

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1495133

7

NOTICE OF REMOVAL OF CIVIL ACTION

32. Plaintiffs claim FedEx had a "uniform, companywide pattern and practice" resulting in violations of the stated provisions of the Labor Code and corresponding IWC wage order as to the putative class members. (Exhibit A, Complaint, ¶ 62(1).) The Complaint is silent as to the total amount of monetary relief sought. The Complaint alleges the "civil penalties sought in this action exceed the minimal jurisdictional limits of this Court and will be established according to proof at trial." (Complaint, ¶ 68(1).)

33. Because the Complaint is silent on the monetary relief sought, FedEx must establish the amount in controversy exceeds CAFA's $5 million jurisdictional requirement by a preponderance of the evidence. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (where damages are unstated in a complaint, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million).

34. In paragraph 62(1) of the Complaint, Plaintiffs allege "As a uniform, companywide pattern and practice, Defendant has violated section 5 of the Industrial Wage Commission Order No. 9-2001 ("Wage Order 9") for failing to compensate Class Members for Reporting Time Pay; violated Cal. Lab. Code §§ 204 and 1194 for failing to pay Class Members an hourly wage for all hours worked and failing to timely pay all wages due to Class Members; violated Cal. Lab. Code §§ 510 and 1194 for failing to pay Cass Members for all overtime hours worked; violated Cal. Lab. Code § 226.7 for failing to provide legally mandated rest breaks; violated Cal. Lab. Code § (sic) for failing to provide legally mandated meal breaks; violated Cal. Lab. Code § 226 for failing to provide accurate wage statements; violated Cal. Lab. Code § 1174 for failing to maintain accurate records of all hours worked; and violated Cal. Lab. Code §§ 201- 203 for failing to pay all wages due to Class Members no longer employed by Defendants and violated Cal. Lab. Code §2802 for failing to reimburse for work related expenses incurred in the discharge of work related duties. Plaintiffs also allege the violations of these Labor Codes and section 5 of Wage Order 9 constitute predicate unlawful and unfair business practices in violation of California's Unfair Competition Law (the "UCL")." (Exhibit A.)

35. In paragraphs 31 and 84 of the Complaint, Plaintiffs allege because they were

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1495133

8

NOTICE OF REMOVAL OF CIVIL ACTION

"prevented or impeded in their ability to take lawful rest and breaks, such time was never recorded as hours worked and thus overtime hours worked and overtime wages earned was never compensated as labor performed during each pay period." (*Id.*) Plaintiffs also allege a derivative cause of action for failure to pay wages when due based on Defendant's alleged failure to pay overtime wages. (Exhibit A, Complaint, ¶¶ 59-61.) From April 13, 2017 to December 31, 2017, FedEx employed 13,881 individuals in non-exempt positions, and the lowest rate of pay for a non-exempt employee was $12.50 per hour. (Jones Decl., ¶ 3; Declaration of Rick Taylor ["Taylor Decl."], ¶ 2.) Assuming conservatively, for purposes of this analysis only, that each putative class member was not paid for one hour of overtime during that time period, at a rate of one and one half times the lowest rate of pay for a non-exempt employee for that year, the potential damages are $260,268.75. From January 1, 2018 to December 31, 2018, FedEx employed 15,921 individuals in non-exempt positions, and the lowest rate of pay for a non-exempt employee was $13.39 per hour. (*Id.*) If you assume each putative class member was not paid for one hour of overtime during this 12-month period, the potential damages are $319,773.28. From January 1, 2019 to December 31, 2019, FedEx employed 18,477 individuals in non-exempt positions, and the lowest rate of pay for a non-exempt employee was $13.26 per hour. (*Id.*) If you assume each putative class member was not paid for one hour of overtime during this 12-month period, the potential damages are $367,507.52. From January 1, 2020 to December 31, 2020, FedEx employed 21,577 individuals in non-exempt positions, and the lowest rate of pay for a non-exempt employee was $13.53 per hour. (*Id.*) If you assume each putative class member was not paid for one hour of overtime during this 12-month period, the potential damages are $437,905.21. From January 1, 2021 to June 21, 2021, FedEx employed 21,342 individuals in non-exempt positions, and the lowest rate of pay for a non-exempt employee was $13.53 per hour. (*Id.*) If you assume each putative class member was not paid for one hour of overtime during this 12-month period, the potential damages are $433,135.89. Thus, **potential damages for unpaid overtime wages over the UCL's 4-year statute of limitations period is $1,818,590.65.**

36.   In paragraph 32 of the Complaint, Plaintiffs allege, "Due to crushing schedules, deadlines and workloads, a substantial number of Plaintiffs and Class Members were literally never

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1495133

9

NOTICE OF REMOVAL OF CIVIL ACTION

allowed to take rest breaks or were impeded in their ability to take timely and compliant rest break breaks for every four hours or major fraction thereof worked per in violation of Lab. Code § 226.7 and IWC Wage Order 9-2001." (Exhibit A.) In paragraph 33, Plaintiffs allege, "during the Class Period a substantial number of Plaintiffs and Class members were never given the opportunity or permitted a 30-minute meal break" and "any meal breaks they were permitted are/were never uninterrupted or duty free." (*Id*.) Plaintiffs further allege, "Defendant has not and does not pay Plaintiffs and the Class Members premium pay equal to one hour of pay, at their regular rate of pay for their missed rest breaks in violation of IWC No. 9, Section 12." (*Id*. at ¶ 35.)

37. From April 13, 2017 to December 31, 2017, FedEx employed 13,881 individuals in non-exempt positions, and the lowest rate of pay for a non-exempt employee was $12.50 per hour. (Jones Decl., ¶ 3; Declaration of Rick Taylor ["Taylor Decl."], ¶ 2.) If you assume conservatively one missed meal break and one missed rest period per class member for this seven-month period, the potential damages are $347,025. From January 1, 2018 to December 31, 2018, FedEx employed 15,921 individuals in non-exempt positions, and the lowest rate of pay for a non-exempt employee was $13.39 per hour. (*Id*.) If you assume one missed meal break and one missed rest period per class member for this 12-month period, the potential damages are $426,354.38. From January 1, 2019 to December 31, 2019, FedEx employed 18,477 individuals in non-exempt positions, and the lowest rate of pay for a non-exempt employee was $13.26 per hour. (*Id*.) If you assume one missed meal break and one missed rest period per class member for this 12-month period, the potential damages are $490,010.04. From January 1, 2020 to December 31, 2020, FedEx employed 21,577 individuals in non-exempt positions, and the lowest rate of pay for a non-exempt employee was $13.53 per hour. (*Id*.) If you assume one missed meal break and one missed rest period per class member for this 12-month period, the potential damages are $583,873.62. From January 1, 2021 to June 21, 2021, FedEx employed 21,342 individuals in non-exempt positions, and the lowest rate of pay for a non-exempt employee was $13.53 per hour. (*Id*.) If you assume one missed meal break and one missed rest period per class member for this 12-month period, the potential damages are $577,514.52. **Potential damages for missed meal and rest breaks over the UCL's 4-year statute of limitations period is $2,424,787.56.** *See Van v. Language Line Servs*., Case No. 2016 WL 3143951, **40,41

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1495133

10

NOTICE OF REMOVAL OF CIVIL ACTION

(N.D. Cal. June 6, 2016).

38. In the Complaint, Plaintiffs allege, "Defendant failed to maintain records of all hours that the Plaintiffs and Class Members worked, including the time they were working through rest and meal breaks and for the time they worked shifts in excess of eight hours or more than forty hours in a week" in violation of Labor Code section 1174(d). (Exhibit A, Complaint, ¶ 96.) Plaintiffs also allege that, "because such overtime hours and wages earned were never recorded, they also never appeared on the Plaintiffs' and Class Members' Wage Statements. Furthermore, because missed rest break periods are/were never recorded, lawfully due premium pay for missed and non-compliant rest and meal breaks has also never been included on the Plaintiffs' and Class Members' wage statements. As a result, Defendant knowingly and intentionally failed to provide accurate, fully itemized wage statements to Plaintiffs and Class members in accordance with *Lab. Cod.* § 226(a)." (Exhibit A, Compliant, ¶¶ 102-104.)

39. A violation of Labor Code section 1174(d) results in a **$500 penalty**. Cal. Lab. Code § 1174.5. This is a one-time penalty but should be included in the amount in controversy. *Gaasterland v. Ameriprise Fin. Servs., Inc.*, 2016 WL 4917018, at *7 (N.D. Cal. Sept. 15, 2016). A first violation of Labor Code Section 226 results in a $50 penalty and each violation thereafter results in a $100 penalty. Cal. Lab. Code § 226(e)(1). Assuming only one meal break violation, or one rest break violation, or one failure to pay minimum wage or overtime during the three-year statutory period for each class member results in a **potential penalty of $1,491,050** (29,821 x $50). (*See* Jones Decl., ¶ 3). A second meal break violation, rest brake violation, failure to pay minimum wage, or failure to pay overtime during the three-year statutory period for each class member results in a **potential penalty of $2,982,100** (29,821 x $100).

40. The Complaint alleges, "as a further and direct result of not receiving their proper reporting time pay, pay for all hours worked, including overtime pay and premium pay, a substantial portion of Class Members who ceased their employment with Defendant during the Class Period were not fully and timely paid all wages due upon termination." (Exhibit A, Complaint, ¶ 37.) Plaintiffs seek their unpaid wages for this alleged violation. (*Id*. at ¶ 117-118.) If each of these terminated non-exempt employees missed a single meal break, missed a single rest break, took their

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1495133

11

NOTICE OF REMOVAL OF CIVIL ACTION

meal or rest break at the wrong time, or were not paid a single hour of overtime in the statutory period, each is entitled to 30 days of wages under Labor Code section 203. *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1393 (2010) (3-year statute of limitations applies to 30-day waiting time penalty for failure to pay wages at time of termination under Labor Code section 203).

41. Plaintiffs' positions at FedEx are categorized as Operations Hourly and Step Progression positions ("Operations Hourly"). (Declaration of Carlos Valdivia, ¶ 3.) Part-time Operations Hourly employees at FedEx are guaranteed 17.5 hours in a 5-day workweek (or 3.5 hours a day on average). Full-time Operations Hourly employees at FedEx are guaranteed 35 hours in a 5-day workweek (or 7 hours a day on average). (*Id.*)

42. From April 13, 2018 through December 31, 2018, FedEx terminated 1,909 non-exempt employees in California, and the lowest rate of pay for a non-exempt employee was $13.39 per hour. (Jones Decl., ¶ 4; Taylor Decl., ¶ 2.) Although many employees work full-time, even assuming part-time employment, the daily rate of pay is $46.86 (3.5 hours x $13.39), making thirty days of wages $1,405.80. Even at the lowest daily rate for part-time employment, **for 2018 potential damages are $2,683,672.20** ($1,405.80 x 1,909 terminated non-exempt employees).

43. From January 1, 2019 through December 31, 2019, FedEx terminated 3695 non-exempt employees in California and the lowest rate of pay for a non-exempt employee was $13.26 per hour. (Jones Decl., ¶ 4; Taylor Decl., ¶ 2.) Although many employees work full-time, even assuming part-time employment, the daily rate of pay is $46.41 (3.5 hours x $13.26), making thirty days of wages $1,392.30. Even at the lowest daily rate for part-time employment, **for 2019 potential damages are $5,144,548.50** ($1,392.30 x 3695 terminated non-exempt employees).

44. From January 1, 2020 through December 31, 2020, FedEx terminated 3681 non-exempt employees in California and the lowest rate of pay for a non-exempt employee was $13.53 per hour. (Jones Decl., ¶ 4; Taylor Decl., ¶ 2.) Although many employees work full-time, even assuming part-time employment, the daily rate of pay is $47.35 (3.5 hours x $13.53), making thirty days of wages $1,420.50. Even at the lowest daily rate for part-time employment, **for 2020 potential damages are $5,228,860.50** ($1,420.50 x 3681 terminated non-exempt employees).

45. From January 1, 2021 through June 17, 2021, FedEx terminated 2636 non-exempt

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1495133

12

NOTICE OF REMOVAL OF CIVIL ACTION

employees in California and the lowest rate of pay for a non-exempt employee was $13.53 per hour (Jones Decl., ¶ 4; Taylor Decl., ¶ 2.) Although many employees work full-time, even assuming part-time employment, the daily rate of pay is $47.35 (3.5 hours x $13.53), making thirty days of wages $1,420.50. Even at the lowest daily rate for part-time employment, **for 2021 potential damages are $3,744,438.00** ($1,420.50 x 2636 terminated non-exempt employees).

46. The amounts in controversy estimates outlined above do not include Plaintiffs' asserted causes of action for failure to pay reporting time pay (Complaint, ¶¶ 28, 51-55) or failure to reimburse expenses (Complaint, ¶¶ 39, 121-124), which amounts are speculative without the benefit of discovery.[2] (Exhibit A.) Plaintiffs also seek attorneys' fees. (*Id.* at ¶ 64(1).) However, in light of above, the $5 million amount in controversy threshold is met and exceeded, and therefore removal of this action is proper.

## VENUE

47. Plaintiffs originally filed this action in the Superior Court of California, for the County of Alameda, venue is thus proper in this district, pursuant to 28 U.S.C. Sections 84(a) and 1441(a), because it encompasses the county in which this action is pending.

## SUPPLEMENTAL JURISCTION

48. In any civil action of which the District Courts of the United States have original jurisdiction, the District Courts have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a). All claims in this action arise from Defendant's alleged wrongful policy and practice to fail to pay employees reporting time and overtime pay, pay all wages earned, provide meal and rest breaks, reimburse business expenses, maintain accurate records of hours worked and provide accurate wage statements. Therefore, supplemental jurisdiction exists over Plaintiffs' state law claims in this action.

## NOTICE TO STATE COURT AND PLAINTIFFS

49. Contemporaneously with the filing of this Notice of Removal, written notice of such

---

[2] Plaintiffs also seek recovery of penalties under PAGA (Complaint, ¶¶ 40-41, 147-148), but such penalties are not considered in determining the amount in controversy under CAFA. *See Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057, 1062 (9th Cir. 2015).

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1495133

13

NOTICE OF REMOVAL OF CIVIL ACTION

1  filing will be served on Plaintiff's counsel of record, Jacob N. Whitehead and Meghan Higday of
2  Whitehead Employment Law.
3       50.   In addition, a copy of the Notice of Removal will be filed with the Clerk of the
4  Superior Court of the County of Alameda, California.
5       WHEREFORE, having provided notice as required by law, the above-entitled action should
6  hereby be removed from the Superior Court of the County of Alameda to this Court.

8  DATED:  June 24, 2021                    Respectfully submitted,

11                    By:    /s/ *Erica H. Gruver*
12                           Erica H. Gruver
                             Attorney for Defendant,
13                           FEDERAL EXPRESS CORPORATION

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1495133

14

NOTICE OF REMOVAL OF CIVIL ACTION

# CERTIFICATE OF SERVICE

*Kyle Dean Bloom, et al. v. Federal Express Corporation, et al.*
**USDC Case No.**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614.

On June 24, 2021, I served the within document(s): **DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(D), 1441(A) & 1446**

- ☐ With the Clerk of the Court for the United States District Court-Northern District of CA by using the Court's CM/ECF system and that service will be accomplished by the court's CM/ECF system to the person(s) as set forth below.

- ☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

- ☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

- ☐ by arranging with First Legal Attorney Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

- ☐ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices.

| | |
|---|---|
| Jacob N. Whitehead, Esq.<br>Meghan Higday, Esq.<br>WHITEHEAD EMPLOYMENT LAW<br>7700 Irvine Center Drive, Suite 930<br>Irvine, CA 92618<br>(949) 674-4922<br>jacob@jnwpc.com<br>mhigday@jnwpc.com<br>**Attorneys for Plaintiffs And All Others Similarly Situated** | |

- ☐ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

- ☒ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 24, 2021, at Irvine, California.

*/s/ Carla Waller*
Carla Waller

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1495133

15
NOTICE OF REMOVAL OF CIVIL ACTION