# EXHIBIT A

Jacob N. Whitehead, Esq. SBN 266123
reception@jnwpc.com
Meghan Higday (SBN 334626)
mhigday@jnwpc.com
WHITEHEAD EMPLOYMENT LAW
7700 Irvine Center Drive, Suite 930
Irvine, CA  92618
Tel. (949) 674-4922

ENDORSED
FILED
ALAMEDA COUNTY

APR 1 3 2021

CLERK OF THE SUPERIOR COURT
By _____
JAMIE THOMAS, Deputy

Attorneys for Plaintiffs Kyle Dean Bloom, Jose Lopez, Timothy Camey Bernardin,
Albert Garcia, Dechelle Webb, Manuel E. Hernandez, Bryant Harris, Anita Johnson,
Christina Elizabeth Walker, Eddie Jackson, Kenneth A. Geiss, Tristan Jones,
and Ryan Alexander Ojeil, each on their own behalf and in their representative capacity
on behalf of on behalf of all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

KYLE DEAN BLOOM, an individual, JOSE
LOPEZ, an individual, TIMOTHY CAMEY
BERNARDIN, an individual, ALBERT GARCIA,
an individual, DECHELLE WEBB, an individual,
MANUEL E. HERNANDEZ, an individual,
BRYANT HARRIS, an individual, ANITA
JOHNSON, an individual, CHRISTINA
ELIZABETH WALKER, an individual, EDDIE
JACKSON, an individual, KENNETH A. GEISS,
an individual; TRISTAN JONES, an individual;
RYAN ALEXANDER OJEIL, an individual,
each on their own behalf and on behalf of all others
similarly situated

Plaintiffs,

vs

FEDERAL EXPRESS CORPORATION, a
Delaware corporation; and DOES 1-25, inclusive,

Defendant

Case No.:
**H G 2 1 0 9 6 5 5 7**
**COMPLAINT FOR**

1) **Failure to Pay Reporting Time Pay in
   violation of IWC No. 9, Section 5**
2) **Failure to Pay All Wages Due in Violation of
   Lab. Cod. § 204**
3) **Failure to Provide Rest Periods in violation
   of Lab. Cod. § 226 and IWC No. 9**
4) **Failure to Provide Meal Periods in violation
   of Lab. Cod. §§ 226.7, 512 and IWC No. 9**
5) **Failure to Pay Overtime Earned in violation
   of Lab. Cod. §§ 510, 1198 and IWC No. 9**
6) **Failure to Maintain Records of Hours
   Worked/Wages Earned in Violation of Lab.
   Cod. § 1174**
7) **Failure to Provide Accurate Wage
   Statements in Violation of Lab. Cod. § 226**
8) **Failure to Pay All Wages Due Upon
   Termination in Violation of Lab. Cod. § 201**
9) **Failure to Reimburse Expenses in violation
   of Lab. Cod. § 2802**
10) **Unfair Competition and Unlawful Business
    Practices in violation of Cal. Bus. & Prof.
    Code § 17200, et seq.**
11) **Violation of the Private Attorney Generals
    Act of 2004, Labor Code §2698 et seq.**

**JURY TRIAL DEMANDED**

1

COMPLAINT

Plaintiffs, KYLE DEAN BLOOM, JOSE LOPEZ, TIMOTHY CAMEY BERNARDIN, ALBERT GARCIA, DECHELLE WEBB, MANUEL E. HERNANDEZ, BRYANT HARRIS, ANITA JOHNSON, CHRISTINA ELIZABETH WALKER, EDDIE JACKSON, KENNETH A. GEISS, TRISTAN JONES, and RYAN ALEXANDER OJEIL ("Plaintiffs"), each individually and on behalf of all others similarly situated, file this Complaint against Defendant, FEDERAL EXPRESS CORPORATION, a Delaware corporation and DOES 1 to 25 (collectively "Defendants").

## I.  INTRODUCTION

61. This is a Class Action pursuant to Code of Civil Procedure section 382, and a representative action under the Private Attorneys General Act ("PAGA") against Defendant, FEDERAL EXPRESS CORPORATION for (a) failure to pay reporting time wages; (b) failure to pay all wages due; (c) non-provision of legally mandated rest breaks; (d) non-provision of legally mandated meal breaks; (e) failure to pay overtime wages; (f) failure to provide accurate wage statements; (g) failure to provide accurate wage statements; (h) failure to maintain records of all hours worked; (i) failure to pay all wages due upon termination of employment; (j) failure to reimburse for work related expenses and (k) for unlawful business practices. Plaintiffs bring these claims on behalf of themselves and all non-exempt employees currently or formerly employed by Defendants within the State of California from February 29, 2021 through the date of judgment (the "Class Members"). Defendants employ and have employed Plaintiffs and the Class Members at various Federal Express shipping warehouses located throughout the State of California. Any differences in job duties or title as between Class Members are legally insignificant to the issues present in this action and are no bar to class certification. Plaintiffs are informed and believe, and based thereon, allege that Defendants currently and formerly employed thousands of employees as

2

COMPLAINT

1   materials handlers, ramp agents/ramp drivers, and as drivers and couriers at Federal Express
2   shipping facilities, in the same or similar non-exempt positions.

3   62. As a uniform, companywide pattern and practice, Defendant has violated section 5 of
4   the Industrial Wage Commission Order No. 9-2001 ("Wage Order 9") for failing to compensate
5   Class Members for Reporting Time Pay; violated Cal. Lab. Code §§ 204 and 1194 for failing to
6   pay Class Members an hourly wage for all hours worked and failing to timely pay all wages due to
7   Class Members; violated Cal. Lab. Code §§ 510 and 1194 for failing to pay Cass Members for all
8   overtime hours worked; violated Cal. Lab. Code § 226.7 for failing to provide legally mandated
9   rest breaks; violated Cal. Lab. Code § for failing to provide legally mandated meal breaks;
10  violated Cal. Lab. Code § 226 for failing to provide accurate wage statements; violated Cal. Lab.
11  Code § 1174 for failing to maintain accurate records of all hours worked; and violated Cal. Lab.
12  Code §§ 201- 203 for failing to pay all wages due to Class Members no longer employed by
13  Defendants and violated Cal. Lab. Code §2802 for failing to reimburse for work related expenses
14  incurred in the discharge of work related duties. Plaintiffs also allege the violations of these Labor
15  Codes and section 5 of Wage Order 9 constitute predicate unlawful and unfair business practices
16  in violation of California's Unfair Competition Law (the "UCL").

17  63.   These unlawful acts complained of herein occurred and will occur at least in part
18  within the time period from the four years preceding the filing of the original complaint up to and
19  through the date of judgment (the "Class Period").

20  64.   Through this action, Plaintiffs seek on behalf of themselves and all others similarly
21  situated, damages, restitution, penalties, and attorneys' fees and costs to redress Defendants'
22  unlawful policies and practices.

23  ## II. JURISDICTION AND VENUE

24  65.   Venue is proper in this judicial district, pursuant to Code of Civil Procedure section
25  395. Plaintiffs are each residents of California and worked for Defendants in California, and around
26  Alameda and other counties in California. Defendant conducts business in Alameda County and the

27

28  _____ 3 _____
                            COMPLAINT

unlawful acts alleged herein occurred within and have a direct effect on Plaintiffs and those similarly situated within the State of California and within the County of Alameda.

66.    This Court has jurisdiction over the violations of the Labor Code and the PAGA.

67.    The Court also has jurisdiction over Plaintiffs and Class Members' claims pursuant to Business and Professions Code sections 17200-17208, who also seek injunctive relief and restitution of ill-gotten benefits arising from Defendants' unlawful business acts and practices under California Business and Professions Code sections 17200-17208.

68.  The civil penalties sought in this action exceed the minimum jurisdiction limits of this Court and will be established according to proof at trial.

## THE PARTIES

### Plaintiffs

9.  Plaintiff, Kyle Dean, is an employee of Defendant.  He is a resident of Natomas, California and worked for Defendant in Sacramento, California during the Class Period as a ramp agent.  He has worked for Defendants from October 12, 2016 to the present date.  He will serve as an adequate, typical and active participant and class representative for the proposed Class.

10.  Plaintiff, Jose Lopez, is an employee of Defendant.  He is a resident of San Leandro, California and worked for Defendant in Oakland, California during the Class Period as a ramp transport driver.  He has worked for Defendants from approximately April of 1990 to the present date.  He will serve as an adequate, typical and active participant and class representative for the proposed Class.

11.  Plaintiff, Timothy Camey Bernardin, is an employee of Defendant.  He is a resident of Lockeford, California and worked for Defendant in Stockton, California during the Class Period as a courier.  He has worked for Defendants from approximately May of 2019 to the present date. He will serve as an adequate, typical and active participant and class representative for the proposed Class.

12.  Plaintiff, Albert Garcia, is an employee of Defendant.  He is a resident of Murietta, California and worked for Defendant in Costa Mesa, California during the Class Period as a courier.

4

COMPLAINT

He has worked for Defendants from approximately August 25, 1996 to the present date. He will serve as an adequate, typical and active participant and class representative for the proposed Class.

13. Plaintiff, Dechelle Webb, is an employee of Defendant. She is a resident of Berkeley, California and worked for Defendant in Oakland, California during the Class Period as a materials handler. She has worked for Defendants from approximately April 15, 2016 to the present date. She will serve as an adequate, typical and active participant and class representative for the proposed Class.

14. Plaintiff, Manuel E. Hernandez, is an employee of Defendant. He is a resident of Northridge, California and worked for Defendant in Sun Valley, California during the Class Period as a shuttle driver and a courier. He has worked for Defendants from approximately January 15, 2018 to the present date. He will serve as an adequate, typical and active participant and class representative for the proposed Class.

15. Plaintiff, Bryant Harris, is an employee of Defendant. He is a resident of San Lorenzo, California and worked for Defendant in Oakland, California during the Class Period as a materials handler. He has worked for Defendants from approximately December 22, 2015 to the present date. He will serve as an adequate, typical and active participant and class representative for the proposed Class.

16. Plaintiff, Anita Johnson, was an employee of Defendant. She is a resident of Oakland, California and worked for Defendant in Oakland, California during the Class Period as a materials handler. She has worked for Defendants from approximately December of 2013 to April of 2020. She will serve as an adequate, typical and active participant and class representative for the proposed Class.

17. Plaintiff, Christina Elizabeth Walker, is an employee of Defendant. She is a resident of Stockton, California and worked for Defendant in Stockton, California during the Class Period as a driver. She has worked for Defendants from approximately May of 2018 to the present date. She will serve as an adequate, typical and active participant and class representative for the proposed Class.

COMPLAINT

18.  Plaintiff, Eddie Jackson, was an employee of Defendant.  He is a resident of Richmond, California and worked for Defendant in Oakland, California during the Class Period as a materials handler.  He worked for Defendants from approximately November of 2003 to March of 2019. He will serve as an adequate, typical and active participant and class representative for the proposed Class.

19.  Plaintiff, Kenneth A. Geiss, was an employee of Defendant.  He is a resident of San Lorenzo, California and worked for Defendant in Pleasanton, California during the Class Period as a courier.  He has worked for Defendants from approximately December of 1983 to approximately October of 2020. He will serve as an adequate, typical and active participant and class representative for the proposed Class.

20.  Plaintiff, Tristan Jones, was an employee of Defendant.  He is a resident of Turlock, California and worked for Defendant in Modesto, California during the Class Period as a courier.  He has worked for Defendants from approximately June of 2019 to August of 2019. He will serve as an adequate, typical and active participant and class representative for the proposed Class.

21.  Plaintiff, Ryan Alexander Ojeil, was an employee of Defendant.  He is a resident of Burbank, California and worked for Defendant in Burbank and Sun Valley, California during the Class Period as a courier.  He has worked for Defendants from approximately November 27, 2018 to September 30, 2020. He will serve as an adequate, typical and active participant and class representative for the proposed Class.

**Defendant**

22.  Defendant Federal Express Corporation ("Federal Express") is a corporation organized under the laws of Delaware, and qualified to conduct business in the State of California with its principal California office located at 2601 Main Street, Irvine, CA 92614.  Federal Express provides a portfolio of services, including transportation, ecommerce and business services in over 220 countries all over the globe, including the United States.

6

COMPLAINT

23.  The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiffs, who therefore sue these defendants by such fictitious names.

24.  Plaintiffs are informed and believe, and based thereon allege, that each defendant designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

25.  Plaintiffs are informed and believe, and based thereon allege, that each defendant, including the DOE defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto. In doing the things alleged herein, each defendant was acting within the course and scope of this agency and was acting with the consent, permission and authorization of each of the remaining Defendants. All actions of each defendant alleged in the causes of action (into which this paragraph is incorporated by reference) were ratified and approved by the officers or managing agents of each of the other Defendants.

26.  Plaintiffs are informed and believe that, at all times herein mentioned, Defendants, including the fictitious DOE Defendants, were the representatives, agents and/or employees of each of the remaining Defendants and in doing the things mentioned herein was acting with the consent, permission and authorization of each of the other Defendants. All actions of each alleged in the causes of action (into which this paragraph is incorporated by reference) were ratified and approved by the officers or managing agents of each of the other Defendants.

## SUMMARY OF CLAIMS

27.  Plaintiffs bring this action on behalf of themselves and all Class Members who were subject to the same or similar illegal policies and practices as set forth herein during the Class Period.

7

COMPLAINT

**Reporting time claim**

28.  During a substantial portion of the Class Period, Defendants failed to pay its workers reporting time pay. Defendant would schedule employees to report to work on a specific date and time.  Employees such as Plaintiffs Albert Garcia, Dechelle Webb, Eddie Johnson, Ryan Alexander Ojeil and a substantial number of Class Members showed up at work as schedule and were sent home before they could clock in but were not paid reporting time pay.   Other Plaintiffs and class members were scheduled to work on an "on-call" basis and were required to call in each day prior to reporting to their assigned job sites.

29.  Further, during the Class Period, Plaintiffs and other Class Members were furnished work for only an hour or two before being sent home, without the opportunity to work a full- or half-day shift.

30.   At no time during the Class Period were Plaintiffs and Class Members paid the minimum requisite reporting time pay under IWC No. 9 for the days they showed up to work as scheduled but were not put to work or furnished less than half of their usual or scheduled shift.

**Failure to Pay Wages for All Hours Worked, Including Overtime Hours**

31.  As a result of Defendant's unlawful business practices, a substantial number of the Plaintiffs and Class Members were not paid all wages owed for regular and overtime hours worked in violation of Labor Code Sections 204,  510 and 1194. When Plaintiffs were prevented or impeded in their ability to take lawful rest and meal breaks, such time was never recorded as hours worked and thus overtime hours worked and overtime wages earned was never compensated as labor performed during each pay period.

**Failure to Provide Rest Breaks and Meal Breaks**

32.  Due to crushing schedules, deadlines and workloads, a substantial number of Plaintiffs and Class Members were literally never allowed to take rest breaks or were impeded in their ability to take timely and compliant rest break breaks for every four hours or major fraction thereof worked per in violation of Lab. Code § 226.7 and IWC Wage Order No. 9-2001.

8

COMPLAINT

33. Similarly, during the Class Period a substantial number of Plaintiffs and Class members were never given the opportunity or permitted a 30-minute meal break California Labor Code Sections 512(a) and IWC No. 9 which provide that all employees who work in excess of five hours must be provided at least a half-hour uninterrupted meal break in which they are relieved of all duty. Plaintiffs allege that any meal breaks they were permitted are/were never uninterrupted or duty free.

34. Plaintiffs have not at any time signed any valid meal break waivers.

35. Defendant has not and does not pay Plaintiffs and the Class Members premium pay equal to one hour of pay, at their regular hourly rate of pay for their missed rest breaks in violation of IWC No. 9, Section 12.

36. As a result of the foregoing unlawful policies and practices, Plaintiffs and Class Members did not receive accurate wage statements showing, among other things, all hours worked, all gross and net wages earned, and the correct hourly rate for each applicable hour.

37. As a further and direct result of not receiving their proper reporting time pay, pay for all hours worked, including overtime pay and premium pay, a substantial portion of Class Members who ceased their employment with Defendant during the Class Period were not fully and timely paid all wages due upon termination.

38. As a further and direct result of violations of the above Labor Codes and Wage Order 9, Defendant has and continues to violate the UCL.

**Failure to Reimburse for Expenses Incurred in Discharge of Job Duties**

39. Plaintiffs Timothy Carney Bernardin, Jose Lopez, Albert Garcia, Manuel E. Hernandez, Christina Elizabeth Walker, Kenneth A. Geiss, Tristan Jones, Ryan Alexander Ojeil and a substantial number the Class Members were employed as drivers or as couriers. In the discharge of their routine job duties, such employees utilized their personal cell phones and GPS navigation services to navigate routes. Other Plaintiffs and Class Members including ramp agents and materials handlers had to use their cell phones to take pictures, to text and communicate with

9

COMPLAINT

managers and co-workers in the discharge of their job duties. Defendant does not and has not reimbursed Plaintiffs or Class Members for mileage, gasoline, and for the expenses incurred in the use of their personal cell phones in violation of Cal. Lab. Cod.§ 2802.

**PAGA CLAIM**

40. Representative Plaintiffs, Manuel Hernandez and Bryant Harris ("Representative Plaintiffs") also bring this case as a representative action seeking penalties for the State of California in a representative capacity, as provided by the PAGA to the extent permitted by law, as aggrieved employees who were subject to Defendant's violations of the Labor Code. A true and correct copy of the notice establishing compliance with Labor Code § 2699.3 is attached hereto as **Exhibit A** and demonstrates that Representative Plaintiffs are aggrieved employees and have standing to bring a representative action on behalf of the State of California and Labor and Workforce Development Agency (the "LWDA") as private attorneys general. No notice of cure by Defendant was provided and no notice of investigation was received from the LWDA in the statutorily proscribed 65-day period since the mailing of the notice to the LWDA. Accordingly, Plaintiffs also file this Complaint as a "Representative Action" on behalf of the "Aggrieved Employees" as provided by the Code of Civil Procedure and as specifically permitted and authorized by Labor Code § 2699.3(a)(2)(C).

41. Representative Plaintiffs have complied with all requirements under Labor Code § 2699.3 for commencing a civil action under the PAGA and seek all recoverable penalties for Labor Code violations as permitted and proscribed by the PAGA, including remedies available under Labor Code §§ 2699, 2699.5, and 2933.3, among others. Specifically, Representative Plaintiffs, for themselves and all current and former Aggrieved Employees, seek the penalties provided by Labor Code § 2699(f) for violations of, *inter alia*, Labor Code §§ 201-204, 226(a), 226.7, 510, 512, 1174, 1194, 2802 and sections 5 and 12 of Wage Order 9.

10

COMPLAINT

## CLASS ACTION ALLEGATIONS

42. Plaintiffs brings this action on behalf of themselves and all others similarly situated for violation of California's wage and hour laws. Plaintiffs seek to represent a Class composed of and defined as follows:

> **"All persons who are employed or have been employed as regular hourly exempt employee by Defendant, Federal Express Corporation in the State of California and who, within four (4) years of the filing of this Complaint: have failed to have been paid by Defendant all of their lawful wages for all hours worked, during each and every pay period; who failed to receive reporting time pay, who were not provided or were actively impeded from taking rest and meal breaks, and who did not receive premium pay for such missed rest and meal breaks, who failed to receive accurately itemized wage statements reflecting all hours worked and proper corresponding rates of pay; who failed to receive compensation or reimbursement for business expenditures incurred and required by their job duties; who worked and were not compensated for overtime; and who did not timely receive all wages due and owed upon their discharge or termination of employment with Defendant."**

Plaintiffs reserve the right under Rule 3.764, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

43. This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class Members are easily ascertainable.

44. <u>Numerosity</u>: Plaintiffs are informed and believe and based on such information and belief allege that the potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. The exact number of the members of the class is presently unknown to Plaintiffs, but upon information and belief, Plaintiffs allege that the exact

11

COMPLAINT

number and specific identities of the members of the Class may be readily ascertained through inspection of Defendant's business records, but it is estimated that there are in excess of 1000 class members.

45. <u>Commonality:</u> There are questions of law and fact common to the Plaintiffs and to the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

a.) Whether Defendant failed to pay Class Members Reporting time pay in violation of Section 5 of Wage Order No. 9;

b.) Whether Defendant failed to pay all regular wages earned by the Class Members in the regular paydays during which the labor was performed in violation of Labor Code §204;

c.) Whether Defendant failed to pay Class Members for all regular and overtime hours worked in violation of Cal. Lab. Code §1194;

d.) Whether Defendant failed to provide Class Members all overtime due when they worked in excess of eight hours in a day or in excess of forty hours in a week in violation of Cal. Lab. Cod. § 510;

e.) Whether Defendant's policies, operational and payment practices constitute a violation of the IWC Order No. 9 Section 12 (A) for failure to provide proper rest periods;

f.) Whether Defendant's policies, operational and payment practices constitute a violation of the Lab. Cod. §512 for failure to provide proper meal break periods;

g.) Whether Defendant's policies and payment practices constitute a violation of Lab. Cod. Section 226.7 and IWC No. 9 for failure to compensate premium pay for missed meal break periods;

h.) Whether Defendant's policies, and operational practices of failing to maintain records of all hours worked violates Cal. Lab. Cod. § 1174(d);

COMPLAINT

i.) Whether Defendant's policy and practice of failing to reimburse or compensate such members of the Class for all necessary expenditures or losses incurred by them in the discharge of their duties, constitutes a violation of Cal. Lab. Cod. § 2802;

j.) Whether Defendants failed to provide Class Members accurate wage statements in violation of Cal. Lab. Cod. §226;

k.) Whether Defendant failed to pay Class Members for all wages due to Class Members upon separation of employment in violation of Cal. Lab. Code §§ 201-203;

l.)   Whether Defendant is liable under the UCL for violations of the Labor Codes;

m.)   Whether Defendants violated Business and Professions Code Sections 17200 *et. seq.* of and whether such violations constitute a violation of fundamental public policy;

n.) Whether Plaintiffs and Class Members are entitled to equitable relief pursuant to Business and Professions Code sections 17200, *et. seq.;* and

o.) Whether Plaintiffs and similarly situated Aggrieved Employees are entitled to recover civil penalties for violations of the Labor Code pursuant to Labor Code Section 2698 et seq. (the "PAGA"); and

p.)   The proper formula for calculating restitution, damages, applicable statutory and/or civil penalties owed to Plaintiffs and the Class.

46. Typicality:  Plaintiff's claims are typical of the claims of the Class.  Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiffs and the Class Members to sustain the same or similar injuries and damages.  Plaintiff's claims are thereby representative of, and co-extensive with the claims of the Class.

47. Adequacy of Representation:  Plaintiffs are members of the Class and do not have any conflicts of interest with other Class Members.  Plaintiffs will prosecute the case vigorously on behalf of the Class.  Counsel representing Plaintiffs is competent and experienced in litigating employment class actions.  Plaintiffs will fairly and adequately protect the interest of Class Members.

13

COMPLAINT

48.  <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and practices.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

**FIRST CAUSE OF ACTION**
**FAILURE TO PAY REPORTING TIME PAY**
**In Violation of Wage Order 9, § 5**
**(As to Defendant and Does 1-25, inclusive )**

49.  Plaintiffs, on their own behalf, and on behalf of the Class re-allege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

50.  Wage Order 9, § 5 provides that "[e]ach workday an employee is required to report for work and does report but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

51.  During a substantial portion of the Class Period, members of the Class showed up for work as scheduled by Defendants, prepared and expecting to work an entire schedule, but were sent home by Defendants without being furnished at least half of their scheduled work. On such occasions these employees were not paid reporting time pay for at least two hours, nor more than four hours of reporting time pay at their regular hourly rate of pay.

52.  Defendant's failure to pay reporting time pay to the employees who showed up for work and were sent home without out being furnished at least half of their scheduled work, was a violation of Wage Order 9.

53.  As a direct and proximate result of Defendant's unlawful conduct, the members of

14

COMPLAINT

1  the Class have suffered, and continue to suffer, economic damages in an amount to be proven

2  at trial.

3      54.  Accordingly, Class Members are entitled to recover and seek to recover their

4  reporting pay wages equal to a minimum of at least two hours of pay at their regular hourly

5  rate, plus interest thereon in an amount according to proof at trial, and attorneys' fees and

6  costs pursuant to Cal. Lab. Code § 218.5 or § 1194.

7      55.  Further, pursuant to Wage Order 9, § 20 and Cal. Lab. Code § 1199, Class

8  Members seek to recover penalties equal to $50 for each initial failure to properly pay each

9  employee reporting time wages, and an amount equal to $100 dollars for each subsequent

10  failure to properly pay reporting time wages, in an amount according to proof at trial.

11  

**SECOND CAUSE OF ACTION**

12  **Failure to Pay All Wages Earned When Due**
**In Violation of Lab. Cod. § 204**

13  **(As to Defendant and Does 1-25, Inclusive)**

14      56.  The Plaintiffs on their own behalf, and on behalf of Class Members they seek to

15  represent, re-allege and incorporate by reference all of the foregoing paragraphs, as though fully

16  set forth herein.

17      57.  The California Labor Code requires employers to pay all wages due within the time

18  specified by law.  California Labor Code § 204 was in full force and effect at all relevant times

19  herein.

20      58.  Pursuant to Labor Code § 204,  for employees entitled to pay twice per month, two

21  periods of pay are required.  Labor performed between the 1st and 15th of the month must be paid

22  between the 16th and 26th of the same month and labor performed on the 16th and the end of the

23  month must be paid on pay days between the 1st and 10th of the following month.

24      59.  Plaintiffs and the Class Members were entitled to be paid twice monthly for labor

25  performed.   Although Plaintiffs and the class members are and/or were paid twice monthly,

26  Defendant failed and intentionally refused to pay Plaintiffs and the Class Members all wages they

27

28

15

COMPLAINT

1 | were entitled to, twice monthly, including overtime pay during each and every pay period of their

2 | employment.

3 | 60. As alleged, Plaintiffs and the Class Members were not paid for all of their wages,

4 | including during every single pay period during the term(s) of their employment.

5 | 61. Accordingly, as a result of the unlawful acts of Defendant, Plaintiffs and the Class

6 | Members have been deprived of wages in amounts to be determined at trial, and are entitled to

7 | recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs of suit,

8 | pursuant to Labor Code sections 218 and 1194.

9 | **THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE REST BREAKS**

10 | **In Violation of Labor Code Section 226.7, and IWC No. 9**

11 | **(As to Defendant and Does 1-25, Inclusive)**

12 | 62. Plaintiffs, on their own behalf and on behalf of the Class Members they seek to

13 | represent, reallege and incorporate by reference all of the foregoing paragraphs, as though fully set

14 | forth herein.

15 | 63. As alleged, Defendant through its policies and practices, do not and did not permit or

16 | impeded the Plaintiffs' and Class Members' ability to take rest periods.

17 | 64. By their failure to provide rest periods for every four hours or major fraction thereof

18 | worked per day and by failing to provide compensation for such unprovided rest periods, as

19 | alleged above, Defendants willfully violated the provisions of Labor Code Section 226.7 and IWC

20 | Wage Order 9, Section 12.

21 | 65. Plaintiffs and Class Members did not voluntarily or willfully waive their rest periods.

22 | 66. By their failure to keep adequate records as required by sections 226 and 1174(d) of

23 | the Labor Code, Defendant has injured Plaintiffs and Class Members and made it difficult to

24 | calculate the unpaid rest period compensation (including wages, interest, and penalties thereon)

25 | due Plaintiffs and Class Members.

16

COMPLAINT

67. As a result of the unlawful acts of Defendant, Plaintiffs and Class Members have been deprived of their lawfully entitled premium pay compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, and 1194, and the applicable IWC Wage Order No. 9, Section 12 (B).

68. WHEREFORE, Plaintiffs on their own behalf and on behalf of the Class Members they seek to represent, request relief as described herein and below.

### FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL BREAKS
### In Violation of Labor Code Section 226.7, 512, and IWC No. 9
### (As to Defendant and Does 1-25, inclusive)

69. Plaintiffs on their own behalf and on behalf of the Class Members they seek to represent, reallege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

70. During the liability period, as alleged, Defendant through its policies and practices, do not and did not permit or impeded the Plaintiffs and Class Members' ability to take rest periods.

71.     California Labor Code Sections 226.7 and 512(a) and IWC No. 9 provide that all employees who work in excess of five hours must be provided at least a half-hour uninterrupted meal break in which they are relieved of all duty.

72.     Plaintiffs and the Class Members work(ed) shifts in excess of five hours and often in excess of ten hours but are not or were not provided with a half-hour uninterrupted first or second meal breaks to which they were entitled.

73.     As a result of Defendant's failure to afford proper meal periods they are liable to Plaintiffs and the Class Members for one hour of additional pay at the regular rate of compensation for each missed meal period that was not provided, pursuant to California Labor Code section 226.7

17

COMPLAINT

74.     Defendant has not paid such premiums to Plaintiffs and Class Members.

75.     Plaintiffs and the Class Members did not voluntarily waive their meal breaks.

76.     As a result of Defendant's conduct, Plaintiffs and the Class Members they seek to represent are entitled to damages to compensate them for the unpaid premiums, as well as injunctive relief requiring Defendant to comply with the California Labor Code and Wage Order No. 9 with respect to meal and rest periods.

77.     As of Defendant's conduct, Plaintiffs and the Class Members are also entitled to attorneys' fees under Labor Code sections 218.5 and 1194, in addition to interest, expenses and costs of suit.

78.     WHEREFORE, Plaintiffs and the Class Members request judgment as is further set forth herein below.

## FIFTH CAUSE OF ACTION
### FAILURE TO PAY ALL OVERTIME EARNED
### FOR HOURS WORKED
### In Violation of California Labor Code § 510, 1194, 1198 and IWC No. 9
### (As to Defendant and Does 1-25, Inclusive)

79. Plaintiffs, on their own behalf and on behalf of the Class Members reallege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

80.     California Labor Code § 510 provides that work in excess of eight hours in a day, or 40 hours in a week, must be compensated at a rate of not less than one and one-half times the regular rate of pay for an employee; and for the first eight hours worked on the seventh consecutive day of work in a workweek; and double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and double the employee's regular rate of pay for all hours worked in excess of eight on the seventh consecutive day of work in a workweek.

81.     Pursuant to Labor Code Section 1194, "... any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to

COMPLAINT

recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

82.     In addition, IWC No. 9 and Cal. Code Reg., Title 8, Section 11100 also provide that work in excess of eight hours in a day, or 40 hours in a week, must be compensated at not less than one and one-half times the regular rate of pay for an employee.

83.     Labor Code Section 1198 makes unlawful the employment of any employee under conditions of labor prohibited by the applicable Wage Order.

84.     Plaintiffs and the Class Members work, or have worked, more than eight hours in a day and were not paid at the overtime rate for all hours worked.

85.     Pursuant to Labor Code sections 218 and 1194, Plaintiffs and Class Members are entitled to recover in a civil action the unpaid balance of the full amount of overtime compensation for all hours worked in excess of eight hours a day.

86.     Wage Order No 9 provides for civil penalties for violations of the Wage Order. Consequently, as result of Defendant's violation of IWC No. 9, Plaintiffs and the Class Members are entitled to and hereby seek civil penalties in the amount of $50 for the first violation and $100 for each subsequent violation.

87.     Labor Code Section 558 provides that any employer who violates any provision regulating hours and days of work in any order of the IWC shall be subject to civil penalties.

88.     As a result of Defendant's violation of IWC No. 9, Plaintiffs and Class Members are entitled to and hereby seek civil penalties in the amount of $50 for the first violation and $100 for each subsequent violation.

89.     Labor Code Section 218.6 provides for interest on all unpaid wages in any action brought for nonpayment of wages.

90.     Plaintiffs and Class Members seek to recover interest on all unpaid wages due.

91.     Plaintiffs and Class Members also seek liquidated damages pursuant to Labor Code section 1194.2.

19

COMPLAINT

92.     Plaintiffs and Class Members seek to recover all unpaid overtime wages, penalties and interest and interest due to them.

93.     As a result of Defendants' conduct, Plaintiffs and the Class Members are also entitled to attorneys' fees under Labor Code sections 218.5 and 1194, in addition to interest expenses and costs of suit.

## SIXTH CAUSE OF ACTION
### FAILURE TO MAINTAIN ACCURATE RECORDS
#### In Violation of Labor Code Section 1174(d)
#### (As to Defendant and Does 1-25, Inclusive)

94.     The Plaintiffs, on their own behalf and on behalf of the similarly situated Class Members they seek to represent, re-allege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

95.     *California Lab. Cod.* § 1174 (d), which was in force and effect at all relevant times herein, provides in pertinent part, that "Every person employing labor in this state shall keep… "at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

96.     Defendant failed to maintain records of all hours that the Plaintiffs and Class Members worked, including the time they were working through rest and meal breaks and for the time they worked shifts in excess of eight hours or more than forty hours in a week.

97.     As a result of its failure to maintain accurate records, premium wages due was also never recorded for the missed rest and meal break periods.

20

COMPLAINT

98.    *Lab. Cod.* § 1174.5 provides that an employer who fails to maintain the records pursuant to 1174 (d) shall be subject to a civil penalty of five hundred ($500) dollars.

99.    As a result of Defendant's violation of Section 1174 (d) Plaintiffs and the Class Members are entitled to and do hereby seek civil penalties in the amount of $500.00.

100.    Wherefore, the Plaintiffs on their own behalf and on behalf of the Class Members they seek to represent, requests relief as described herein and below.

**SEVENTH CAUSE OF ACTION**
**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**
**In Violation of Labor Code Section 226**
**(As to Defendant and Does 1-25, Inclusive)**

101.    Plaintiffs on their own behalf and on behalf of the Class Members they seek to represent, reallege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

102. California Labor Code section 226(a)  As alleged supra, during a substantial portion of the Class Period, Defendant failed to maintain accurate records, including records of time worked through rest and meal break periods, resulting in failure pay them overtime wages they were owed when they worked shifts in excess of eight hours or in excess of forty hours per week. Because such overtime hours and wages earned were never recorded, they also never appeared on the Plaintiffs' and Class Members' Wage Statements.

103. Furthermore, because missed rest break periods are/were never recorded, lawfully due premium pay for missed and non-compliant rest and meal breaks has also never been included on the Plaintiffs' and Class Members' wage statements.

104. As a result, Defendant knowingly and intentionally failed to provide accurate, fully itemized wage statements to the Plaintiffs and Class Members in accordance with *Lab. Cod.* § 226(a).

105.    *Lab. Cod.* § 226(a) states, in pertinent part, that "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees,

21

COMPLAINT

either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee ..., (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid ..., and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee ..."

106. *Lab. Cod.* § 226 (e)(1) states that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

107. *Lab. Cod.*§ 226(e)(2)(B) states "[a]n employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a); and (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period."

108. *Lab. Cod.* § 226(e)(2)(C) defines "promptly and easily determine" to mean "a reasonable person would be able to readily ascertain the information without reference to other documents or information."

109. *Lab. Cod.*§ 226(e)(3) states that the phrase "knowing and intentional failure" "does not include an isolated and unintentional payroll error due to a clerical or inadvertent mistake."

22

COMPLAINT

110. During the Class Period, Defendant has knowingly and willingly failed to comply with *Lab. Cod.* § 226.  As a matter of common policy and practice, Defendant did not include overtime hours worked nor overtime pay, nor, as alleged did  wage statements include premium pay equal to one hour of pay at Plaintiffs and the Class Members' regular hourly rate for missed and non-compliant rest and meal break periods.  Wage statements distributed to Plaintiffs and Class Members were not accurate and did not contain all wages earned, during each and every pay period of their employment. Defendant's knowing, and intentional omissions caused the Plaintiffs and Class Members to suffer "injury" by, among other things, impeding them from knowing the amount of wages to which they are/were lawfully entitled.

111. At all times relevant herein, Defendant failed to track, record and maintain accurate records of hours its employees worked, by failing to maintain any records of reporting time, for which such wages were owed its employees, as required under *Lab. Cod.* § 1174(d).

112. Thus, Plaintiffs and Class Members seek (i) injunctive relief pursuant to Lab. Code § 226 (h), requiring Defendant to comply with Labor Code §§ 226(a) and 1174(d), (ii) the amounts provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, and (iii) attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES DUE UPON TERMINATION
#### In Violation of Labor Code § 201(a), 202 and 203
#### (As to Defendant and Does 1-25, Inclusive)

113. Plaintiffs individually, on their own behalf and on behalf of the Class Members they seek to represent, re-allege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

114. Labor Code Section 201(a) requires an employer who discharges an employee to pay all compensation due and owing to the employee immediately upon the employee's discharge from employment.

23

COMPLAINT

115. Labor Code Section 202 requires an employer to pay within 72 hours all compensation due and owing to an employee who quits his or her employment.

116. Labor Code Section 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

117. As alleged supra, Defendant failed to lawfully compensate Plaintiffs and the Class Members as required by law. Therefore, Defendant has willfully failed to make timely payment of the full wages due to Plaintiffs and such Class Member employees who have resigned or been discharged during the Class Period.

118. As a result of Defendant's unlawful conduct as alleged herein, Plaintiffs and the Class Members have sustained economic damages, including, but not limited to, unpaid wages and lost interest in an amount to be determined at trial.

### NINTH CAUSE OF ACTION
**FAILURE TO INDEMNIFY/REIMBURSE EMPLOYEES
FOR NECESSARY WORK EXPENSES
In Violation of California Labor Code § 2802
(As to Defendant and Does 1-25, Inclusive)**

119.    Plaintiffs, on their own behalf, and on behalf of the Class Members they seek to represent, reallege and incorporates by reference all of the foregoing paragraphs, as though fully set forth herein.

120.    California Labor Code Section 2802 provides that an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

121.    Defendant required as a condition of employment that Plaintiffs and Class Members incur certain expenses, including, but not limited to use of their personal cell phones in

COMPLAINT

the discharge of their daily job duties delivery duties. As alleged, Plaintiffs and a substantial number of the Class Members routinely utilized their personal cell phones for work related duties as drivers, couriers, ramp agents, materials handlers and similarly situated positions. Defendant does not and has not reimbursed Plaintiffs or Class Members for expenses incurred for mileage, gasoline, and for the expenses incurred in the use of their personal cell phones.

122.    As a result of Defendant's failure to indemnify and reimburse Plaintiffs and the Class Members for the expenses they necessarily incurred in the performance and discharge of their work-related duties,  Plaintiffs and the Class Members have sustained economic damages in an amount to be proven at trial.

123.    As a result of Defendant's conduct, Plaintiffs and the Class Members they seek to represent are also entitled to attorneys' fees under Labor Code Section 2802(c), in addition to interest, expenses and costs of suit.

124. As a result of Defendant's conduct Plaintiffs and the Class Members suffered injuries and are also entitled to attorneys' fees, in addition to interest, expenses and costs of suit, under Labor Code sections 218.5 and 1194.

125. Wherefore, Plaintiffs and the Class Members request judgment as is further set forth herein below.

## TENTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES
In Violation of Cal. Bus. & Prof. Code §§ 17200 et seq.
(As to Defendant and Does 1-25, Inclusive)

126.    Plaintiffs on their own behalf, and on behalf of the Class Members they seek to represent, reallege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

127.    California Business and Professions Code Section 17200, et seq. prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

COMPLAINT

128.   California Business and Professions Code Section 17202 provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in case of unfair competition."

129.   California Business and Professions Code Section 17203 provides in relevant part that the court may "restore to any person in interest any money or property, real or person, which may have been acquired by means of such unfair competition."

130.   California Business and Professions Code Section 17203 also provides that any person who meets the standing requirements of Section17204 and complies with California Code of Civil Procedure Section 382 may pursue representative claims for relief on behalf of others.

131.   California Business and Professions Code Section 17204 allows any "person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Business Practices Act.

132.   Pursuant to Section 17204, Plaintiffs and other similarly situated employees are entitled to enforce all applicable provisions of the Labor Code.

133.   Beginning at an exact date unknown to Plaintiffs, but a least since the date four years prior to the filing of this suit, Defendant has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair business practices and acts described in the Complaint, including, but not limited to violations of Labor Code Sections 201-203, 204, 226(a), 226.7, 510, 512, 1174, 1194, 1198, 2802 and IWC No. 9.

134.   The violations of these laws and regulations, as well as of fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code Section 17200 et seq.

135.   The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code Section 17200, et seq.  Among other things, Defendant's acts and practices have forced Plaintiffs and other similarly situated workers to labor without receiving appropriate compensation.

COMPLAINT

136.     The acts and practices described above have allowed Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

137.     As a result of the acts and practices described herein, Plaintiffs and the Class Members have been denied compensation in an amount to be proven at trial.

138.     Plaintiffs and the Class Members are therefore, entitled to restitution pursuant to Business and Professions Code Section 17203 and 17208 for all wages and other compensation unlawfully withheld from them during the four-year period prior to the filing of the Complaint.

139.     As a result of the aforementioned acts and practices, Defendant has received and continues to receive ill-gotten gains belonging to Plaintiffs and the Class Members.

140.     Injunctive relief is necessary and appropriate to prevent Defendant from repeating their unlawful, unfair and fraudulent business acts and practices described herein and therefore Plaintiffs will ask the Court to issue a preliminary and permanent injunction prohibiting Defendant from continuing such unlawful acts, including failure and refusal to pay reporting time pay, to maintain accurate records of all hours worked, to provide labor code compliant rest and meal break periods, to provide accurate wage statements, to pay wages as specified by law, and to pay all wages due upon cessation or termination of employment.

141.     Pursuant to Section 17203 and/or any other applicable law, Plaintiffs seek an order preventing Defendant from engaging in unlawful, unfair and fraudulent conduct and preventing Defendant from profiting and benefiting from illegal and wrongful acts.

142.     Plaintiffs' success in this action will enforce important rights affecting the public interest.  Therefore, Plaintiffs sue on behalf of themselves and all other similarly situated Class Members.

143.     An award of attorneys' fees is appropriate pursuant to California Civil Code Section 1021.5 because 1) this action will confer a significant benefit upon a large class of persons; and 2) there is a financial burden involved in pursuing this action; and 3) it would be

COMPLAINT

1 | against the interest of justice to force Plaintiffs to pay attorneys' fees from any amount recovered

2 | in this action.

### ELEVENTH CAUSE OF ACTION
#### Violation of the PAGA
#### Cal. Lab. Cod. § 2698, et seq.
#### (As to Defendant and Does 1-25, Inclusive)

144.     Plaintiffs Manuel Hernandez and Bryant Harris (the "Representative Plaintiffs"), re-allege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

145. Representative Plaintiffs, by their employment with Defendant and Defendant's violations of the Labor Code as alleged herein, are aggrieved employees with standing to bring an action under the PAGA. Representative Plaintiffs by virtue of **Exhibit A attached** hereto, have satisfied all prerequisites to serve as representatives of the general public to enforce California's labor laws including, without limitation, the penalty provisions identified in Labor Code § 2699.5. Since the LWDA took no steps within the time period required to intervene and because Defendant took no corrective action to remedy the allegations set forth above, Representative Plaintiffs, as representatives of the people of the State of California, will seek any and all penalties otherwise capable of being collected by the Labor Commission the LWDA and/or the DLSE. This includes violation of any of the following provisions of the California Labor Code, as is set forth in Labor Code § 2699.5, which states:

> "The provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: subdivision (k) of Section 96, Sections 98.6, 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224, subdivision (a) of Section 226, Sections 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, and 1153, subdivisions (c) and (d) of Section 1174, Sections 1194, 1197, 1197.1, 1197.5, and 1198, subdivision (b) of Section 1198.3, Sections 1199, 1199.5, 1290, 1292, 1293,

---

28

COMPLAINT

1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, and 1700.47, paragraphs (1), (2), and (3) of subdivision (a) of and subdivision (e) of Section 1701.4, subdivision (a) of Section 1701.5, Sections 1701.8, 1701.10, 1701.12, 1735, 1771, 1774, 1776, 1777.5, 1811, 1815, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, 2802, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3095, 6310, 6311, and 6399."

146.     Representative Plaintiffs are informed and believe that Defendant has violated and continues to violate the provisions of the Labor Code as alleged herein and the applicable Wage Order.

147.     Pursuant to Labor Code section 2699, any provision of the Labor Code that already provides a civil penalty to be assessed and collected by the Labor and Workforce Development Agency, or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code or does not provide a civil penalty may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees pursuant to the procedures set forth in Labor Code, Section 2699.3.

148.     Specifically the Representative Plaintiffs seek on behalf of themselves and all current and formerly employed Aggrieved Employees, penalties provided by Cal. Lab. Cod. § 2699(f) for violations of, *inter alia,* Labor Code §§ 201-204, 226(a), 226.7, 510, 512, 1174, 1194(a), 1198, 2802 and IWC No. 9.

149.     Representative Plaintiffs are informed and believe that Defendant has violated and continues to violate provisions of the Labor Code.  Despite mailing of **Exhibits A** at least 65-days prior to the filing of the FAC, the LWDA has not notified the Representative Plaintiffs that it intends to investigate the alleged Labor Code violations identified in Exhibit A, such that, by operation of law Representative Plaintiffs are entitled to pursue this cause of action under the PAGA. *See Lab. Code 2699.3(a)(2)(A).*

150.     Representative Plaintiffs, as the personal representative of each of the Aggrieved Employees, will and do seek to recover any and all penalties for each and every violation shown

COMPLAINT

1   to exist or to have occurred during the PAGA liability period, in an amount according to proof, as

2   to those penalties that are otherwise only available to public agencies.  Said penalties recovered

3   will be distributed in accordance with the PAGA, with at least 75% of said PAGA penalty

4   recovery being reimbursed to the State of California and the LWDA.

5         151.      Further, pursuant to Labor Code, section 2699(g)(1) Representative Plaintiffs,

6   will also seek to recover their attorney's fees and costs.

7                              **PRAYER FOR RELIEF**

8         WHEREFORE, Plaintiffs and the PAGA Representative Plaintiffs, on their own behalf, and

9   on behalf of the similarly situated Class Members and the Aggrieved Employees, pray for relief as

10  follows:

11        1. For an order, pursuant to California Code of Civil Procedure Section 382, certifying the

12  First through Tenth causes of action as a class action, on behalf of the Class Members who

13  performed work in the State of California within the Class Period and that notice of the pendency

14  of the class action be provided to members of the Class.

15        2. For an order appointing Plaintiffs as Class Representatives and Plaintiffs' attorney as

16  Class Counsel.

17        3. For a declaratory judgment that Defendant's practices complained of herein, violated

18  California Labor Laws and public policy, as alleged herein.

19        4. For appropriate equitable relief to remedy Defendant's violations of California law,

20  including, but not necessarily limited to, an order enjoining Defendant from continuing its unlawful

21  practices;

22        5. For an award of unpaid regular and overtime wages for all labor performed and liquidated

23  damages in an amount equal to the amounts unlawfully unpaid according to proof, pursuant to Labor

24  Code §§ 200, 218, 510, 1194 and 1194.2;

25        6. For a declaratory judgment that Defendant has violated IWC. NO. 9, Section 5 and for an

26  award of unpaid wages for Defendant's failure to pay reporting time pay;

27

28  _____ 30 _____

                              COMPLAINT

7. For a declaratory judgment that Defendant has violated IWC No. 9, Section 12 (A) by failing to provide compliant rest periods;

8. For a declaratory judgment that Defendant has violated IWC. No. 9, Section 12(B) by filing to pay compliant premium pay for missed rest periods;

9. For a declaratory judgment that Defendant has violated IWC No. 9, Section 11 by failing to provide compliant meal break periods;

10. For a declaratory judgment that Defendant has violated IWC No. 9, Section 11 (D) by failing to pay compliant premium pay for missed meal break periods;

11. For an award of unpaid overtime wages pursuant to Labor Code §§ 510 and 1194;

12. For an award of compensation at the rate of one hour of regular pay for each instance in which Plaintiffs and a member of the Class was not provided a first or second meal period;

13. Compensation at the rate of one hour of regular pay for each instance in which a member of the Class worked through a rest break or was not provided a proper rest break for every four hours worked or major fraction thereof;

14. For an award of all appropriate California statutory penalties, including but not limited to penalties pursuant to Cal. Lab. Cod. §§ 203, 226(e), 1174.5 and 1199, according to proof at time of trial;

15. For damages and penalties pursuant to Labor Code Section 226(a) and 226.3;

16. For a declaratory judgment that Defendant has violated California Business and Professions Code sections 17200 et seq. as a result of the aforementioned violations of the Labor Code and of California public policy protecting workers by ensuring that workers are paid for all hours worked.

17. For an order that Defendant make restitution to Plaintiffs and the Class Members due to its unlawful business practices pursuant to Business & Professions Code §§ 17203 and 17204;

31

COMPLAINT

18. For a permanent and mandatory injunction prohibiting Defendant, its officers, agents, employees, affiliated companies and all those working in concert with them from committing future violations of the laws and public policies described herein.

19. Pre-judgment and post-judgment interest, as provided by California law;

20. For award of reasonable attorneys' fees as provided by California Labor Code sections 218.5, 218.6, 226 (g), 558, 1194.2(a), 1021.5, 2802(c), and 2698 *et. seq.*

21. An award and administrative priority claim against the Defendant in favor of the Plaintiffs and the other similarly situated Class Members equal to the sum of their unpaid wages and unpaid expenses, pursuant to California Labor Code Sections 201, 202 and 203.

22. For all costs of suit, and

23. For such other and further equitable relief as this Court may deem just and proper.

**Upon the PAGA Cause of Action**

24. For civil penalties and wages pursuant to statute as set forth in Labor Code §2698 et seq., for Defendant's violations of Labor Code §§ 201-203, 204, 226(a), 226.7, 510, 512, 1174, 1194, 2802 and applicable Wage Order No. 9, Sections 5, 11 and 12.

25. Upon the PAGA Cause of Action, for attorneys' fees and costs pursuant to Labor Code §2699 and any other applicable statute; and

26. For such other and further relief the Court may deem just and proper.

DATED: April 12, 2021                    WHITEHEAD EMPLOYMENT LAW

By: _Meghan Higday_
Jacob Whitehead
Meghan Higday
Attorneys for Plaintiffs
And all others similarly situated

32

COMPLAINT

# EXHIBIT A



December 1, 2020

*Via Online Filing*
California Labor & Workforce
Development Agency
455 Golden Gate Avenue, 10th Floor
San Francisco, CA 94102

*Via Certified Mail*
C T Corporation System
Registered Agent for
FedEx Corporation
818 West Seventh Street, Suite 930
Los Angeles, California 90017

*Via Certified Mail*
C T Corporation System
Registered Agent for
FedEx Office and Print Services, Inc.
818 West Seventh Street, Suite 930
Los Angeles, California 90017

*Via Certified Mail*
C T Corporation System
Registered Agent for
Federal Express Corporation
818 West Seventh Street, Suite 930
Los Angeles, California 90017

*Via Certified Mail*
C T Corporation System
Registered Agent for
FedEx Ground Package System, Inc.
818 West Seventh Street, Suite 930
Los Angeles, California 90017

*Via First Class Mail*
Frederick W. Smith, CEO
FedEx Corporation
942 South Shady Grove Road
Memphis, Tennessee 38120

*Via First Class Mail*
Brian D. Philips, CEO
FedEx Office and Print Services, Inc.
7900 Legacy Drive
Plano, Texas 75024

*Via First Class Mail*
Donald F. Colleran, CEO
Federal Express Corporation
3610 Hacks Cross Road,
Memphis Tennessee 38125

*Via First Class Mail*
Henry J. Maier, CEO
FedEx Ground Package System, Inc.
1000 FedEx Drive
Moon Township, Pennsylvania 15108

     Re:    *Notice Pursuant to the Private Attorneys General Act, California Labor Code § 2699.3 (the "PAGA")*

Dear Sir(s) and/or Madam:

      Please be advised that the representatives: Zhubin Zarindast, Manuel E. Hernandez, Gabriel Sandoval, and Bryant Harris ("Plaintiffs") have retained Whitehead Employment Law to represent them and other similarly-situated current and former employees (the "Aggrieved Employees") against FedEx Office and Print Services, Inc., a Texas corporation; FedEx Ground Package System,

California Labor & Workforce
Development Agency
December 1, 2020
Page 2 of 8

Inc., a Delaware corporation; Federal Express Corporation, a Delaware corporation; and FedEx
Corporation, a Delaware corporation (hereinafter "Defendants") regarding claims of violations of the
California Labor Code, the Industrial Welfare Commission Wage Orders, and other applicable
California employment laws.   FedEx Corporation is the parent company of Defendant entities FedEx
Office and Print Services, Inc FedEx Ground Package System, Inc., and Federal Express
Corporation.  Upon information and belief, and thereupon it is alleged that at all relevant times
herein, Defendants collectively collaborated in setting and controlling the operational policies and
business practices of the enterprises in the State of California and are and were, therefore Joint
Employers-in-Fact of Plaintiffs and the Aggrieved Employees.

Defendants currently or formerly employed Plaintiffs and other Aggrieved Employees, who
work or have worked as exempt or non-exempt, hourly, full time and part time employees, including
but not limited to shuttle drivers, couriers, package handlers, customer service representatives, center
consultants, or other similarly situated positions (the "Covered Positions").  This notice formally
serves to notify Defendants of Plaintiffs' intent to file a PAGA class action complaint against
Defendants and bring causes of action for violations of the PAGA and for injunctive relief including,
but not limited to claims for Defendant's failure to provide compliant rest/meal breaks; failure to pay
for every hour worked; failure to maintain accurate records of all hours worked; failure to reimburse
job-related expenses; failure to furnish accurately itemized wage statements; failure to timely pay all
wages due to Aggrieved Employees who ceased employment with Defendants during the statutory
period upon their separation or termination of employment.

Based upon these violations, as further detailed below, Defendants violated numerous
provisions of California's Labor Code including, but not limited to, violations of Labor Codes 201-
203, 204, 226(a), 226.7, 510, 512, 1174 (d), 1194(a), 2802, and Industrial Welfare Commission
Wage Order No. 9-2001 (IWC No. 9).

Plaintiff Zhubin Zarindast

Zhubin Zarindast was formerly employed by Defendants from approximately May 9, 2016
until approximately July 25, 2020 as a full time, hourly compensated, non-exempt center consultant
who provided customer assistance, printed orders, packed and shipped items, and took orders for
products Defendants outsourced.

Plaintiff, Manuel Hernandez

Manual Hernandez has been employed by Defendants from approximately January 15, 2018,
to the present date.  Manuel Hernandez began as a part time shuttle driver and currently works as a
full time, hourly compensated, non-exempt courier. As a shuttle driver Mr. Hernandez had to load
packages to be delivered to the airport, following strict delivery schedules. As a courier, Mr.
Hernandez delivers packages on preassigned routes and is required to deliver a specific minimum
number of packages per shift, as mandated by Defendants.

Plaintiff, Gabriel Sandoval

Gabriel Sandoval was formerly employed by Defendants from January 14, 2013 until
approximately June of 2020 as a full time, hourly compensated, non-exempt package handler. Mr.
Sandoval job duties were to sort and organize packages and prepare them for shipment.

Plaintiff, Bryant Harris

Bryant Harris has been employed by Defendants from approximately December 22, 2015 to
the present date.  Bryant Harris works as a part time, hourly compensated, non-exempt materials

California Labor & Workforce
Development Agency
December 1, 2020
Page 3 of 8

handler. Mr. Harris' job duties include unloading and organizing packages and materials for transportation.

During the relevant statutory period, many of the Aggrieved Employees are/were improperly categorized by Defendants as part-time employees even though they work/worked 40 hours a week or more. Consequently, such Aggrieved Employees have not and were not accorded the correct accrued vacation time or PTO at the same rate of a full-time employee. Defendants failed to accord these affected Plaintiffs and Aggrieved Employees the full-time benefits unless they were officially re-hired as a full-time employee so that they would be properly categorized as full time in the system, even though they were already working forty hours a week or more. Many of the Aggrieved Employees were deprived of full-time benefits for months and even years before being properly categorized by Defendants as full-time employees. As a result, vacation time and/or PTO calculations and PTO owed to the affected Plaintiffs and Aggrieved Employees was never attributed and never paid.

During the relevant statutory period, Plaintiffs and the Aggrieved Employees were routinely prohibited from receiving proper, timely, Labor Code compliant rest breaks. The amount of work that supervisors demanded be completed during each shift left no time for rest breaks. For years, Plaintiff Zarindast, regularly worked the graveyard shift, and as the only employee at the facility where he worked, Mr. Zarindast had to keep the break room door open in order to notice the arrival of and tend to any customers. As a result, during the years he worked the graveyard shift, most every single rest break was interrupted and never duty free.

Similarly, Plaintiff Hernandez and many of the Aggrieved Employees were deprived of their rest breaks, as they were constantly berated by superiors if they attempted to take a rest break and instructed by their managers that *that they could not take a rest break because they had deadlines to meet*. As a result, Plaintiffs and the Aggrieved Employees were rarely able to take rest breaks due to the lack of staffing and/or due to the unreasonable instructions and demands of Defendants and level of work expected to be completed during a shift prior to taking any break regardless of what California law provides

Similarly, certain of the Plaintiffs and Aggrieved Employees were not provided uninterrupted meal breaks. In particular, Plaintiffs and Aggrieved Employees who work or worked graveyard shifts during the statutory period routinely are/were the only ones working at customer centers, requiring them to stop their meal break if a customer needs or needed assistance. Defendants have never paid Plaintiffs and the Aggrieved Employees for the time they worked during their breaks nor the premium pay to which they are/were entitled for the missed and non-compliant rest and meal breaks. Further, at no time have Plaintiffs or the Aggrieved Employees validly waived their rest and meal break periods.

During the relevant statutory period, Plaintiff Harris and certain similarly-situated Aggrieved Employees were routinely sent home early from shifts they were scheduled to work with receiving any reporting time pay. Other Aggrieved Employees who work/worked on an on-call basis are/were required to call in prior to a scheduled shift and received no reporting time pay when they were not called in to work.

Further, during the relevant statutory period, Plaintiffs and the Aggrieved Employees were required to utilize their personal cell phones for work related duties and work-related communications. Utilization of their personal cell phones was an essential part of the job. Plaintiffs and the Aggrieved Employees used their personal cell phones to contact supervisors, to communicate with other employees on shift, to text supervisors, to receive emails from supervisors, call customers,

California Labor & Workforce
Development Agency
December 1, 2020
Page 4 of 8

and to use GPS to navigate their delivery routes. Plaintiff Zarindast would regularly be notified by emails from Defendants on his personal cell phone with requests to cover shifts a few hours before the shift started. Due to weak or faulty internet connection in the stores, Plaintiff Zarindast was also required to use his personal cell phone during work shifts to help customers with their orders. This often required him to forward a customer's file to his own personal email on his personal cell phone in order to print and process their orders. Plaintiffs and the Aggrieved Employees also used the ADP application on their phone as mandated by the Defendants in order to view their pay stubs. At no time have Defendants ever reimbursed Plaintiffs or the Aggrieved Employees for the expenses they incurred in the utilization of their personal cell phones.

Plaintiffs are informed and believe, and thereon allege that the above-described violations are ongoing, systematic and uniform. If Defendants fails to cure these alleged violations, Plaintiffs will bring an action against Defendants under the PAGA to recover wages and penalties and for injunctive relief as provided by California law.[1]

Due to the foregoing-described actions, Defendants has unlawfully failed to timely pay all wages due pursuant to Labor Code § 204 and have unlawfully failed to pay all wages due upon termination to Plaintiffs and those Aggrieved Employees who ceased their employment relationship with Defendant during the statutory period.

## Rest/Meal Break Violations

Under Labor Code § 226.7 *"(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.*

*(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."*

Further, under Labor Code § 512 (a) *"An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An*

---

[1] Without limitation, Plaintiffs, if permitted, will seek any and all penalties otherwise capable of being collected by the Labor & Workforce Development Agency ("LWDA"). This includes each of the following, as is set forth in Labor Code § 2699.5, which states:

The provisions of subdivision (a) of § 2699.3 apply to any alleged violation of the following provisions: subdivision (k) of § 96 , § s 98.6 , 201 , 201.3 , 201.5 , 201.7 , 202 , 203 , 203.1 , 203.5 , 204 , 204a , 204b , 204.1 , 204.2 , 205 , 205.5 , 206 , 206.5 , 208 , 209 , and 212, subdivision (d) of § 213 , § s 221 , 222 , 222.5 , 223 , and 224 , paragraphs (1) to (5) , inclusive, (7) , and (9) of subdivision (a) of § 226 , § s 226.7 , 227 , 227.3 , 230 , 230.1 , 230.2 , 230.3 , 230.4 , 230.7 , 230.8 , and 231, subdivision (c) of § 232 , subdivision (c) of § 232.5 , § s 233 , 234 , 351 , 353 , and 403, subdivision (b) of § 404 , § s 432.2 , 432.5 , 432.7 , 435 , 450 , 510 , 511 , 512 , 513 , 551 , 552 , 601 , 602 , 603 , 604 , 750 , 751.8 , 800 , 850 , 851 , 851.5 , 852 , 921 , 922 , 923 , 970 , 973 , 976 , 1021 , 1021.5 , 1025 , 1026 , 1101 , 1102 , 1102.5 , and 1153, subdivisions (c) and (d) of § 1174 , § s 1194 , 1197 , 1197.1 , 1197.5 , and 1198, subdivision (b) of § 1198.3 , § s 1199 , 1199.5 , 1290 , 1292 , 1293 , 1293.1 , 1294 , 1294.1 , 1294.5 , 1296 , 1297 , 1298 , 1301 , 1308 , 1308.1 , 1308.7 , 1309 , 1309.5 , 1391 , 1391.1 , 1391.2 , 1392 , 1683 , and 1695, subdivision (a) of § 1695.5 , § s 1695.55 , 1695.6 , 1695.7 , 1695.8 , 1695.9 , 1696 , 1696.5 , 1696.6 , 1697.1 , 1700.25 , 1700.26 , 1700.31 , 1700.32 , 1700.40 , and 1700.47 , § s 1735 , 1771 , 1774 , 1776 , 1777.5 , 1811 , 1815 , 2651 , and 2673, subdivision (a) of § 2673.1 , § s 2695.2 , 2800 , 2801 , 2802 , 2806 , and 2810, subdivision (b) of § 2929 , and § s 3073.4, 6310, 6311, and 6399.7.

California Labor & Workforce
Development Agency
December 1, 2020
Page 5 of 8

*employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."*

Per the IWC Wage Order No. 9, Section 12(A) & B "Employers of California employees covered by the rest period provisions of the Industrial Welfare Commission Wage Orders must authorize and permit a net 10-minute paid rest period for every four hours worked or major fraction thereof. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

As stated, during the relevant statutory period, the Plaintiffs and the Aggrieved Employees, were rarely able to take Labor Code Compliant, timely and duty-free rest breaks. Plaintiff Zarindast and Aggrieved Employees were rarely provided an uninterrupted meal break due to chronic shortage of adequate staffing and for such employees working alone, the inability to close the store during their breaks. Defendants actively failed to relinquish control to permit Plaintiffs and the Aggrieved Employees opportunities for lawful breaks. Defendants have not paid premium pay penalties for the missed and non-compliant rest and meal breaks.

This is a clear violation of the provisions of the Labor Code and the IWC No. 9 which set forth California employers' affirmative obligation to provide timely, duty-free rest and meal break periods. Defendants' practices contradict their very own policies written in the employee handbook which states that Defendants will provide its employees proper rest and meal break periods, when in fact they did and do not.

Pursuant to §512 of the Labor Code and Section 12 (B) of IWC No. 9, Plaintiffs and the Aggrieved Employees are owed premium pay penalties for each missed rest and meal break for which they were not paid during the statutory period.

**Failure to Pay Wages For Each Hour Worked**

IWC Wage Order No. 9 §5 provides, in pertinent part, that *"[e]ach workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay ... "*

During the relevant statutory period, Plaintiff Harris and other similarly situated Aggrieved Employees- (whether part time or full time) have or were scheduled by Defendants to work and reported to work expecting to work their entire scheduled shifts, but instead are/were sent home by Defendants without being provided any work as scheduled. When this occurred, neither Plaintiff Harris nor the Aggrieved Employees are/were paid with their lawfully entitled reporting time pay. On other occasions, Plaintiff Harris and other Aggrieved Employees are/were scheduled to work and permitted to clock in but were sent home after only a couple hours of work and were not provided with at least half of their regularly scheduled hours, after reporting to work their full shift. At no time have the Plaintiffs or similarly situated Aggrieved Employees paid reporting time wages when they were furnished less than half of their scheduled shift. Some of the Aggrieved Employees were required to work on an on-call basis and were required to call in each day prior to reporting in to work. In such instances when the Aggrieved Employees called in prior to reporting to work Defendants would not have any work for them and such Aggrieved Employees were not paid any reporting time pay.

California Labor & Workforce
Development Agency
December 1, 2020
Page 6 of 8

### Failure to Compensate Employees For Every Hour Worked

Labor Code § 204 (a) states *"All wages, other than those mentioned in §§ 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."*

Under Labor Code §1194 (a) *"Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."*

Labor Code §§ 204 and 1194 (a) have been violated and Plaintiffs and the Aggrieved Employees are entitled to recover payment for all hours worked, including time worked off the clock, with penalties and interest thereon, as well as their attorney's fees and costs.

### Failure To Maintain Records of Hours Worked

Labor Code § 1174(d) provides, *"Every person employing labor in this state shall:... (d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments...shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."*

As indicated above, Plaintiff Zarindast and some of the Aggrieved Employees were often required to work during their rest or meal breaks due to shortage of staffing and/or their inability to close the store when they were working alone.  The time Plaintiff Zarindast and similarly situated Aggrieved Employees spent working while off the clock is/was not ever tracked or recorded by the Defendants in violation of Lab. Cod. § 1174(d).

### Failure to Furnish Accurate Wage Statements

As a direct consequence of Defendants' unlawful business and compensation practices under the Labor Code and IWC No. 9, Plaintiffs and the Aggrieved Employees were/are not provided with accurately itemized wage statements.

At all times relevant, Labor Code § 226 requires Defendant to *"furnish each of [its] employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, ... (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."*

As indicated above, Plaintiffs and the Aggrieved Employees often work/worked during their meal breaks, due to Defendants' unlawful instructions forcing them to work while off the clock. Hours worked off the clock are/were not recorded at the proper pay rate and no premium pay is reflected on Plaintiffs' and the Aggrieved Employees pay stubs during the statutory period.

As stated, *ante,* certain of the Aggrieved Employees were miscategorized as part-time employees even though such Aggrieved Employees worked 40 hours a week or more.  As a result their vacation and PTO were not properly accrued or applied by Defendants at the full-time employee

California Labor & Workforce
Development Agency
December 1, 2020
Page 7 of 8

rate. Therefore, such Aggrieved Employees PTO was not recorded at the proper rate and said rates were not reflected on such Aggrieved Employees' pay stubs.

In failing to account and compensate with accuracy, all of the hours worked by the Plaintiffs and the Aggrieved Employees, and by failing to accurately set forth the net and gross wages earned, Defendants violated the wage statement requirements of Labor Code § 226 by failing to accurately record the Plaintiffs and the Aggrieved Employees' respective (1) gross wages earned, (2) net wages earned, and (3) all applicable hourly rates and the corresponding number of hour worked at each applicable hourly rate.

### Failure to Timely Pay all Wages Due Upon Separation or Termination of Employment

At all times relevant, Labor Code § 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

At all times relevant, Labor Code § 202 provides that if employees not having a written contract for a definite period quits their employment, their wages shall become due and payable no later than 72 hours thereafter, unless the employee has given 72 hours advance notice of their intention to quit, in which case the employee is entitled to their wages at the time of quitting.

At all times relevant, Labor Code § 203 provides that an employer who willfully fails to pay, without abatement or reduction, in accordance with §§ 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than 30 days.

During the statutory period, when Plaintiff Zarindast, Plaintiff Sandoval, and certain of the Aggrieved Employees' employment relationships with Defendants terminated, Defendants failed to pay them all of their earned wages (as set forth above), immediately upon their discharge or within 72 hours thereafter. In addition, Defendants have failed to pay the waiting time penalties to which such Aggrieved Employees are lawfully entitled under Labor Code § 203.

To date, Defendants have failed to pay the Plaintiff and the Aggrieved Employees all of their earned wages, overtime, accrued interest thereon, and failed to remit the Labor Code penalties to be imposed as a consequence of said violations of the Labor Code.

### Failure To Reimburse Work Related Expenses

Labor Code § 2802(a) provides, *"An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."*

As described above, the Plaintiffs and the Aggrieved Employees daily utilize or utilized their personal cell phones data/apps/text/email/GPS in the course of performing their work-related duties without being reimbursed for these work-related cell phone expenses by Defendants. Defendants violated Labor Code § 2802 and the Plaintiffs and the Aggrieved Employees seek reimbursement of these work-related expenses incurred, as well as their attorney's fees, penalties and interest thereon as permitted by §2802.

### Conclusion

In sum, as has been factually alleged, Defendants violated among other statutes and regulations Labor Code §§ 201-203, 204, 226, 226.7, 510, 512, 1174(d), 1194 (a) and 2802, and IWC

California Labor & Workforce
Development Agency
December 1, 2020
Page 8 of 8

No. 9.  Plaintiffs on their own behalf and on behalf of all similarly situated Aggrieved Employees, seek to recover any and all applicable statutory penalties, interest, and attorneys' fees and civil penalties as provided under Labor Code 2699.

Plaintiffs request the LWDA to investigate the above claims and to provide notice of the investigation under the PAGA's provisions.  Alternatively, Plaintiffs request the agency inform them if it does not intend to investigate these violations so that they may bring a civil action under the PAGA for the violations alleged herein.

Should you have any questions or comments regarding the foregoing, or any aspect of this matter, please do not hesitate to contact our offices.

Sincerely,

WHITEHEAD EMPLOYMENT LAW

Jacob N. Whitehead

JNW/mnh